Tueley, J.
delivered tbe opinion of the court.
Archibald C. White recovered several judgments before a .Justice of the Peace for Giles county,,on the 7th day of February, 1842, against William Brown and Ira E. Brown, upon notes in which Ira E. Brown was surety for William Brown: these 'judgments were stayed by Robert S. Harris, without having been requested so to do by Ira E. Brown the surety. After the expiration of the time for which the judgments were thus stayed, executions were issued thereon, and levied on the property of the defendant Robert S. Harris, William Brown being insolvent, and IraE. Brown claiming protection as surety, upon the ground that tbe judgments were stayed by the defendant at the sole request of William Brown. Defendant filed ■ his petition for a writ of supersedeas, alledging.that he had stayed the executions at the request of Ira E. Brown: he afterwards amended his petition, and charged that the contracts upon which the judgments were rendered were usurious. A jury was impanneled in the Circuit Court to try the matter in dispute between the parties to the petition, viz, the present plaintiff and defendant; and the defendant, as we suppose, having-failed to prove that he stayed the judgments at the request of Ira-E. Brown, as well as of William Brown, the only matter submitted to the jury, was upon thf? question of usury. Under the charge of the Judge, a verdict was found in favor of the *422 plaintiff', for the amount of $588 debt, and $100 44 damages for the detention; being less by twenty per cent, than the amount called for in the notes, that being the amount of discount at which plaintiff purchased them. The usury is controverted in the proof; but we do not deem it necessary to enter into an investigation of the question, nor into the accuracy of the opinion and charge of the Judge, as we are well satisfied that the defendant Harris could not legally make this defence in this mode of proceeding.
We are referred to an authority from Comyn’s Digest, title Audita Querela, which asserts, that the remedy by audita querela is proper where a judgment has been confessed upon a usurious contract; -and it is urged that the remedy by superse-deas has been adopted in this State in the place of the audita querela.
We are aware, that in case of payment after judgment, it has been held'that the remedy by supersedeas is proper, and that it is said to have been substituted for the audita querela in such cases. But we apprehend, that it never has, and never can be determined to be identical with that remedy in all cases.
The remedy by supersedeas is unfit for many cases in which the audita querela is used in England, and in none more so, perhaps, than the very class of cases under consideration, viz, an attempt to vacate a!nd correct a judgment for usury. To give a writ of supersedeas this power, is to make it more effectual than the ordinary mode of obtaining a new trial of cases originating before Justices of the Peace by certiorari and supersedeas, which it is obvious could not have been used in this case. The only remedy for a.stayor in such cases, if he has one, is by bill in chancery.
We, therefore, reverse the judgment of the Circuit Court, and discharge the supersedeas, and give judgment accordingly.